[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11008
Non-Argument Calendar
_____

D.C. Docket Nos. 4:13-cv-00142-WTM-GRS,
4:09-cr-00416-WTM-GRS-1

JAMES BERNARD JONES, JR.,

Petitioner – Appellant,

versus

UNITED STATES OF AMERICA,

Respondent – Appellee.

_____

Appeal from the United States District Court
For the Southern District of Georgia
_____

(April 5, 2016)

**ON REMAND FROM THE
UNITED STATES SUPREME COURT**

Before MARCUS, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

This case is here following a remand from the Supreme Court for consideration in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Following review of the record and the parties' supplemental briefs, we affirm the denial of Mr. Jones' motion to vacate pursuant to 28 U.S.C. § 2255.

Briefly stated, Mr. Jones cannot show prejudice from his counsel's failure to object to the BOLEO offense being counted as a qualifying conviction under the career offender provisions of the Sentencing Guidelines.  *See* U.S.S.G. §§ 4B1.1(a) & 4B1.2.  As we indicated in our prior opinion, the BOLEO offense constituted a "crime of violence" under the residual clause of the career offender provisions. Because we have recently held that the vagueness principle announced in *Johnson* does not apply to the career offender provisions of the Sentencing Guidelines, *see United States v. Matchett*, 802 F.3d 1185 (11th Cir. 2015),  any constitutional objection by Mr. Jones' counsel to the use of the residual clause of the career offender guideline would have failed.*

**AFFIRMED.**

––––––––––––––––––

*We deny Mr. Jones' motion to expand the certificate of appealability to include a freestanding guideline error claim.

2